RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2021 MAY 13 PM4:55

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] ANGEL R. ROMERO-SANTANA, and<br>[2] EUFEMIO ESPINAL,<br><br>Defendants. | INDICTMENT (PAD)<br><br>CRIMINAL NO. 21-171 (~~JAG~~)<br><br>VIOLATIONS:<br>18 U.S.C. § 2<br>21 U.S.C. §§ 952, 959, 960, 963<br><br>3 COUNTS & 1 FORFEITURE ALLEGATION<br>21 U.S.C. § 970 |

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy to Import Cocaine
### 21 U.S.C. §§ 952(a), 960(a) & (b)(1)(B), and 963

Beginning on a date unknown, but not later than in or about April 9, 2021, from places outside the United States, including the Dominican Republic and elsewhere,

[1] ANGEL R. ROMERO-SANTANA, and
[2] EUFEMIO ESPINAL,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other diverse persons known and unknown to the Grand Jury, to commit an offense against the United States, that is: to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B), and 963.

## COUNT TWO
### International Cocaine Distribution Conspiracy
### 21 U.S.C. §§ 959(a), 960(a) & (b)(1)(B) and 963

Beginning on a date unknown, but not later than in or about April 9, 2021, in the country of the Dominican Republic, in the District of Puerto Rico, and elsewhere,

### [1] ANGEL R. ROMERO-SANTANA, and
### [2] EUFEMIO ESPINAL,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other diverse persons known and unknown to the Grand Jury, to commit an offense against the United States, that is: to distribute more than five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, which is a Schedule II controlled substance, intending, knowing, or having reasonable cause to believe that such substance will be unlawfully imported into the United States. All in violation of 21 U.S.C. §§ 959(a), 960(a) & (b)(1)(B) and 963.

## COUNT THREE
### International Cocaine Distribution
### 21 U.S.C. §§ 959(a), 960(a) & (b)(1)(B) and 18 U.S.C. § 2

Beginning on a date unknown, but not later than in or about April 9, 2021, in the country of the Dominican Republic, in the District of Puerto Rico, and elsewhere,

### [1] ANGEL R. ROMERO-SANTANA, and
### [2] EUFEMIO ESPINAL,

the defendants herein, aiding and abetting each other, and other diverse persons known and unknown to the Grand Jury, did intentionally and knowingly distribute more than five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, which is a Schedule II controlled substance, intending, knowing, or having

reasonable cause to believe that such substance will be unlawfully imported into the United States. All in violation of 21 U.S.C. §§ 959(a), 960(a) & (b)(1)(B), and 18 U.S.C. § 2.

## NARCOTICS FORFEITURE ALLEGATION
## 21 U.S.C. § 970

The allegations contained in **Counts One through Three** of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 970.

Pursuant to 21 U.S.C. § 970, upon conviction of <u>one or more</u> of the controlled substance offenses alleged in **Counts One through Three** of this Indictment, in violation of 21 U.S.C. §§ 952, 959, 960, and 963, defendants

### [1] ANGEL R. ROMERO-SANTANA, and
### [2] EUFEMIO ESPINAL,

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 970.

W. STEPHEN MULDROW
United States Attorney

For: *signature*

Max J. Pérez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

*signature*

Vanessa E. Bonhomme
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

*signature*

Steven Liong-Rodríguez
Special Assistant United States Attorney
Transnational Organized Crime Section

TRUE BILL,

FOREPERSON

Date: May 13, 2021